IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Hayward,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:09-cr-00073-TLW-19<br>C/A No. 4:13-cv-02851-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Michael Hayward. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 170 months incarceration.[1] Judgment was entered on June 11, 2010. ECF No. 898. He did not file a direct appeal.

His plea agreement contained a waiver provision in which he agreed to waive the right to contest his conviction or sentence on direct appeal or other post-conviction action, including § 2255. ECF No. 700 at ¶ 15.

On October 16, 2013,[2] Petitioner filed this § 2255 petition asserting that he was sentenced

---

[1] He was also charged with a substantive drug possession charge, a firearm charge under 18 U.S.C. § 924(c), and a felon in possession charge, but these charges were dismissed at sentencing pursuant to the plea agreement.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

as a career offender in violation of the Sixth Amendment and that he was improperly denied relief under Amendment 750 to the sentencing guidelines, which implemented the Fair Sentencing Act of 2010 ("FSA"). ECF No. 1248 at 4. The Government filed a response in opposition and a motion to dismiss, asserting that the petition should be dismissed as barred by the waiver provision in the plea agreement, barred as untimely, and that he was not entitled to relief on the merits. ECF No. 1261. Petitioner filed a response, asserting that his waiver was ineffective because, he assets, the issues he now raises did not exist at the time he signed his plea agreement. ECF No. 1268.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files

2

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

### A.  Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1.     *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on June 25, 2010, the date his time to file a direct appeal expired.[3] Thus, under § 2255(f)(1), he had one year—until June 27, 2011—in which to file his petition.[4] However, he did not file his petition until October 16, 2013—more than two years late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2.     *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his petition. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2).

### 3.     *§ 2255(f)(3)*

Section 2255(f)(3) only applies where the right asserted was newly recognized by the

---

[3] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure gives a defendant 14 days from the entry of judgment to file a notice of appeal.

[4] June 25, 2011 fell on a Saturday. He therefore had until the following Monday to file his petition. Fed. R. Crim. P. 45(a)(1)(C); Fed. R. Civ. P. 6(a)(1)(C).

4

Supreme Court and made retroactively applicable to cases on collateral review. The case that Petitioner relies on—*Alleyne v. United States*, 133 S. Ct. 2151 (2013)—has not been made retroactively applicable to cases on collateral review. *See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactively applicable on collateral review, and noting that it is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive). Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(3).

    **4.**    *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

    **B.**    **Equitable Tolling**

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor does the Court's review of the record indicate any basis to apply the doctrine to this case.

## V.    Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 1261, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 1248, is **DENIED**.

This action is hereby **DISMISSED**.[5]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 9, 2015
Columbia, South Carolina

---

[5] The Court also notes even if his petition were not barred as untimely, he would not be entitled to relief for the reasons set forth by the Government. Specifically, Petitioner's agreement to the § 2255 waiver in the plea agreement was entered into knowingly and intelligently, and it is therefore enforceable. *See United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). Additionally, Petitioner would not be entitled to relief on the merits because *Alleyne* does not apply retroactively, and even if it did, it is not factually applicable to his case, as *Alleyne* only applies where a defendant's mandatory minimum sentence is increased. *Alleyne*, 133 S. Ct. at 2155. Petitioner's classification as a career offender impacted only his guideline calculation; it did not increase the applicable mandatory minimum sentence.

Petitioner also objects, in passing, to the Court's denial of his motion for relief under Amendment 750 to the guidelines, which implemented the FSA. That motion was denied because the career offender calculation in Chapter 4 of the guidelines was higher than the drug weight calculation in Chapter 2 of the guidelines, so the FSA did not have any effect on his overall guideline calculation. ECF No. 1054. He has not set forth any basis to question that ruling.